**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANJODH SINGH, | No. 07-74922 |
| Petitioner, | Agency No. A096-493-798 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2010[**]
San Francisco, California

Before: O'SCANNLAIN, TASHIMA, and BEA, Circuit Judges.

Ranjodh Singh ("Singh"), a native and citizen of India who has already been

legally removed, petitions for review of the decision of the Board of Immigration

Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his application

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

## JURISDICTION

We have jurisdiction over the portion of Singh's petition that seeks review of the agency's decision to deny him asylum pursuant to 8 U.S.C. § 1252(a). We lack jurisdiction, however, over that part of the petition seeking review of the agency's denial of his claims for withholding of removal and CAT protection because these claims are moot, due to Singh having been removed. *See Kaur v. Holder*, 561 F.3d 957, 959 (9th Cir. 2009). "We agree with the government that we cannot give [Singh] any relief with respect to withholding because he has already been deported and he suffers no collateral consequence from the withholding decision. There is simply no live controversy." *Id.* The same holds true for Singh's CAT claim. *See id.* We therefore dismiss that portion of the petition that seeks review of the denial of Singh's withholding of removal and CAT claims.

## DISCUSSION

With respect to Singh's asylum claim, we affirm the BIA's adverse credibility finding because the BIA's opinion cites specific, cogent examples of substantial inconsistencies in Singh's testimony that bear a legitimate nexus to its

finding. *See Marcos v. Gonzales*, 410 F.3d 1112, 1117 (9th Cir. 2005). For example, the BIA's opinion relied on Singh's contradictory testimony about the identity of the individual who allegedly pointed a gun at his mother and threatened to kill his entire family in support of its adverse credibility determination. This discrepancy in Singh's testimony is not minor and goes to the heart of his claim because it calls into question whether the events he testified about ever happened. The evidence is not such that it would compel any reasonable adjudicator to conclude that Singh's testimony was credible. *See* 8 U.S.C. § 1252(b)(4)(B); *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001).

We need not decide whether substantial evidence supports the BIA's determination that Singh is also ineligible for asylum because there is serious reason to believe that he committed a serious nonpolitical offense in India before entering the United States. *See* 8 U.S.C. § 1158(b)(2)(A)(iii). This is because Singh's asylum claim fails for the independent reason that he has not met his burden of proving that he has an objective fear of future persecution. *See* 8 C.F.R. § 208.13(a) (2009). We therefore deny Singh's petition for review with respect to his asylum claim.

**PETITION DISMISSED in part and DENIED in part.**